## SIBLEY v. JOHNSON.

A certificate of the acknowledgment of the execution of a deed by a feme covert, under the act, Sess. L. 1840, p. 167, sec. 4, certifying that "separately and apart from her husband she acknowledged that she executed the same freely, and without fear or compulsion of any one," without stating that it was on a *private examination*, is void.

CASE reserved from Calhoun Circuit Court. The only question was as to the validity of a certificate of acknowledgment of the execution of a deed by a feme covert, under the act of 1840, Sess. L. 1840, p. 167, sec. 4.

The certificate was in thes words:

"State of Michigan, county of Calhoun, ss.—On this 17th day of December, in the year of our Lord 1842, before me, a notary public in and for said county, personally came the above Kenyon Johnson and Mary Johnson, known to me to be the persons who executed the above instrument, and acknowledged the same to be their free act and deed; and, having questioned the said Mary Johnson separate and apart from her husband, she acknowledged that she executed the same freely, and without fear or compulsion of any one."

The following is the 4th section of the act, under which the acknowledgment was taken:

"Sec. 4. That the rights of dower which any feme covert may have to any lands in the state of Michigan, shall not be passed or conveyed only by deed executed by such feme covert, and acknowledged by such feme covert, on a private examination separate and apart from her husband, that she executed the deed without fear or compulsion from any one; which acknowledgment shall be certified upon such deed, by the officer before whom it may be made."

*By the court*, WING, J. It will be noticed that the statute is singularly worded, and taking it literally, it would seem that by doing all that the section requires to be done, and doing those things "only," the right of dower of a feme covert would not be passed, but a reasonable construction must be put on the act, and such as would enable the

Sibley *v.* Johnson.

wife to pass her dower by the performance of these acts, and not other-wise.

The objection made to the certificate is, that it does not show that Mrs. Johnson, " *on a private examination,*" acknowledged, &c.

It was urged by the counsel for the defendant, in his argument in this court, that the certificate of acknowledgment must show either in express terms, or by implication, a compliance with every substantial requisite of the statute. And the counsel for the plaintiff, not deeming it necessary for his purposes to controvert this position, insisted that the terms, " separate and apart from her husband," and " on a private examination," mean the same thing, and that the requirements of the statute are met by the use of either term or phrase, without the other.

Similar questions have often arisen in the circuit courts of the late territory and of the present state, but I am not aware that this court has ever decided this or any similar question.

On looking into the decisions of sister states, I find they do not har-monize as to the matters necessary to be set forth in a certificate of ac-knowledgment of a feme covert: in other words, they do not agree in their views as to the essential elements of an acknowledgment.

In Indiana, their supreme court hold it to be the duty of the officer taking the acknowledgment of a feme covert, to examine her, separate and apart from her husband; but that their statute does not require, as they understand it, that the certificate should show anything more on the subject than the declaration or acknowledgment of the wife, that she had voluntarily executed the deed. They hold that it will be pre-sumed, the contrary not appearing, that the officer did his duty as to the separate examination: that it is the acknowledgment only, and not the circumstances under which it is made, that is required to be certi-fied. Stevens *v.* Doe, 6 Blackf. 475.

It would seem, from Gregory *v.* Ford, 5 B. Monroe's R. 471, that the supreme court of Kentucky have held the same doctrine.

The supreme court of Maryland decided, in the case of Flanagan and Wife's Lessee *v.* Young, 2 Har. and McHen. 38, that a certificate stating that a husband and wife acknowledged the land and premises in the deed mentioned, to be the right, title and estate of the grantee named in the deed, *according to the true intent and meaning of the same deed, and the act of assembly in that case made and provided,*

was sufficient, and in compliance with the provisions of a statute requiring a private examination.

The same doctrine was held by the supreme court of Ohio, in a decision delivered by Wright, justice, in the case of Newcomb's Lessees v. Smith, Wright's R. 209.

In Pennsylvania, their courts have held with great uniformity, as to the acknowledgment of deeds by married women, that the requirements of their act of assembly, by which the mode of conveyance by femes covert is prescribed, must appear to have been substantially complied with, on the face of the certificate made by the magistrate by whom the acknowledgment is taken. Watson v. Bailey, 1 Binney 470; 5 id. 296; 6 id. 435; 4 Serg. and Raw. 272: 6 id. 40, 143; 9 id. 263; 14 id. 84. So in New Jersey, 4 Halsted 225.

In Maryland it has been decided that the acknowledgments of deeds of femes covert are defective unless the exact form mentioned in the acts of assembly on the subject is complied with. 1 Har. and John. 580, 751, 293; 2 id. 62. But as I have not access to these reports, I cannot ascertain whether the form referred to, means a form given by statute or otherwise.

In Ohio, their statute requires that the wife shall be examined separate and apart from her husband, and that upon such examination she shall declare that she voluntarily, and of her own free will and accord, without any fear or coercion of her husband, did and now doth acknowledge the signing and sealing thereof.

In the case of Brown v. Farren, 3 Ohio R. 152, the court decided, upon a certificate of acknowledgment in which the word "voluntary" was included, but all the words following after in the act were omitted, that the word voluntary embraced all that was intended by the other expressions omitted. The court held further, that the certificate must contain the substance of everything required by the law; that no substantial part of the provision of the statute could be dispensed with; and that it must appear expressly, or by irresistible inference from the language of the certificate, that the wife was acquainted with the nature of the deed; that she was examined apart from her husband; that she acknowledged the deed, and admitted it was her voluntary act, in such terms as to exclude the inference of fear or coercion. The court held the law was, as to the form of the certificate, directory, though, as

to its substance, it is imperative; the one might be varied, the other must be adhered to. The court, however, say they place their decision principally upon considerations arising from the policy and practice of the state. The same court adhere to the same principles in 6 Ohio 142, and 13 *id.* 118.

In the case of Barton v. Morris, 15 Ohio R. 423, the court appear to have changed their ground, and very much relaxed this rule; and in Chesnut v. Shane's lessees, 16 Ohio R. 599, the court entirely change the settled rule of decision in Ohio and adopt that of the supreme court of Indiana, as stated in 6 Blackford, cited above, and say, the legislature contemplated relying upon the official oath of the officer for his faithful performance of the portion of the statute which is directory to him. In this case, Judge Reed delivers a dissenting opinion, maintaining the doctrine of their earlier decisions. It was admitted by the majority of the court, that it must appear by the certificate that the wife was apart from her husband, that he examined her, and that she acknowledged to him, &c., and he asks, why not apply the rule of presumption to every act of the officer, and permit them all to rest in presumption, and not require any to be certified? If we limit the requirements of the certificate to embrace merely the acts of the wife, all that it need contain would be that the wife acknowledged that she freely executed the deed. He insists that the term acknowledgment, in the statute, means, that the wife makes such admission under all the attendant facts and circumstances which the statute requires to make it valid and binding upon the woman, and this must appear in the certificate.

At the common law, the wife has no separate existence, she can do no legal act without the consent of her husband. With her person the husband acquires the use and control of all her property—her legal rights are merged in those of her husband. She derives her power to convey her right of dower alone from the statute, and her act has no force independent of that given to it by the statute, which is an innovation upon the common law, and the authority given is in derogation of it; and if the act is not done pursuant to the statute, it cannot prevail; not by the common law, for that does not permit it: not by the statute, because its requisitions have not been complied with.

An examination of the previous legislation of our state upon this subject, will show us the alterations made by the act in question, and

assist us in giving to it a correct construction. By the Revised Statutes of 1838, p. 263, the wife was required to acknowledge before a proper officer, and apart from her husband, that she " executed such deed without any fear or compulsion of her husband." The act of 1840 provides, in addition to these requisites, that her examination shall be private, and that the wife shall acknowledge that she executed the deed " without fear or compulsion from any one."

It is a well settled principle, that if an affirmative statute which is introductive of a new law, direct a thing to be done in a certain manner, that thing shall not, even though there are no negative words, be done in any other manner. 6 Bac. Ab. 377; 6 Mass. 307. In this statute there are negative words: the acknowledgment of the wife can only be made in a certain manner.

By the act of 1838, it is apparent, it was the design of the legislature to exclude the husband, and him only, from the examination. By the act of 1840, the legislature intended further guards and protections to the rights of the wife than was contained in the former act: they intended that the wife should be free from the control, not only of the husband, but of all others, in doing what she was authorized to perform. It may be admitted, that the terms " on a private examination," might, perhaps, be held to include the idea of separation from, not only the husband, but all others: but the terms " separate and apart from her husband," do not embrace this full idea. Then, are the terms " on a private examination," because immediately followed by the words, separate and apart from her husband, to be held to mean privacy only as to the husband? Does the latter sentence qualify the former, and limit its application only to the husband? If so, though the husband be absent, his agent, or some interested person, may be present, and exercise a controlling influence over the wife, in such manner as is contemplated by the act, and which it seeks to prevent. The words of the former act effectually excluded the husband: why were the words, " on a private examination," added, if not to express something more than was meant by the former law? As, by the former law, the wife was to acknowledge that she executed the deed without any fear or compulsion of her husband, it was made a pre-requisite to such acknowledgment that she should be placed beyond the influence of his presence, by being separate and apart from him. When the legislature wish to pro-

vide for a more certain assurance of the uncontrolled action of the wife, and required that she should acknowledge, and that it should be certified that she executed the deed without fear or compulsion *from any one*, they made a corresponding alteration in the duties of the officer, and required that her examination should be private; thus excluding any and every one but the officer. And though this addition of the term private examination, may obviate the necessity or propriety of retaining the former provision, requiring separation from the husband, yet the introduction of the new term, on a private examination, and disconnecting it by a comma from the term, separate and apart from her husband, in the old law, shows that they are not understood to mean the same thing, but the former was intended to be more comprehensive than the latter, and to exclude not only the husband, but any and all others.

Then assuming, as we do, that the certificate should show that all the requirements of the statute were complied with; that the precise words of the statute need not be used, but that any equivalent words will answer, I find in this certificate no words expressive of the fact that the *examination of the wife was* private, except as to her husband. The new requirement of the law of 1840 seems to have been lost sight of or disregarded, and therefore this deed, so far as it respects the wife, is void.

Let it be so certified to the circuit court for the county of Calhoun.

*Certified accordingly.*