Blackford, J.
This was an action of ejectment against Stevens for a tract of land in Dearborn county. The cause was submitted to the Court, and judgment rendered for the plaintiff.
The facts are as follows: The lessor of the plaintiff and her husband, John Henry, since deceased, were seised of the premises described in the declaration, by virtue of a conveyance thereof executed to the lessor in 1823. Whilst the lessor was such feme covert, she and her husband, by a deed acknowledged in 1826, conveyed the premises to Benjamin * Wilson, who afterwards conveyed the same to Joshua. Wilson, under whom the defendant claims. The only question in the cause is, whether the certificate of I'frs. Henry’s acknowledgment of the execution of the deed to Benjamin Wilson, indorsed on the deed, is sufficient to bind her?
The certificate in question is in these words; “The State of *511 Indiana, Dearborn county, ss. Before me, D. Weaver, a justice of the peace within and for the said county, personally appeared John Henry and Martha Henry his wife, the said Martha Henry being examined separate and apart from her husband as the law directs, and acknowledged the above deed of conveyance to be their voluntary act and deed for the uses and purposes therein mentioned. In testimony whereof, I have hereunto set my hand and seal this 8th of September, 1826. Davis Weaver, J. P. (seal.)”
The statute of 1824, which governs'this case, states, that whenever a husband and wife shall incline to convey the estate of the wife, &c., it shall be lawful for them to execute a conveyance, &c., and appear before one of the judges, &c., “who are hereby authorized and required to take such acknowledgments j in doing which, he or either of them shall examine the wife separate and apart from her husband, and shall read or otherwise make known the full contents of such deed or conveyance to the said wife; and if upon such separate examination, she shall declare that she did voluntarily and of ho;r own free will and accord, and as her act and deed, seal and deliver the said deed or conveyance without any coercion or compulsion from her husband, every such deed or conveyance shall be and the same is hereby declared to be good and valid in law, <&e. Provided, that the judge, justice, or recorder, taking the same, shall, under his hand and seal, certify the same upon the back of such deed or conveyance.” R. C., 1824, p. 334.
It is the officer’s duty, by this statute, before he takes the acknowledgment of a femé covert, to -examine, her apart from her husband, and make known to her the contents of the deed; and if, upon such examination, she declares either expressly, or in language implying it, that she had executed the deed voluntarily, &c., the officer must, under his hand and seal and on the deed, certify the same, that is, he must certify *on the deed that such declaration or acknowledgment of the voluntary execution of the deed was made before him. But the statute does not require, as we *512 understand it, the certificate to show anything more on the subject than the declaration or acknowledgment of the wife that she had voluntarily executed the deed. It will be presumed, the contrary not appearing, that the officer did his duty as to the separate examination of the wife, and the making her acquainted with the contents of the deed. It is the acknowledgment only, not the circumstances under which it was made, that is required to be certified.
A. Lane, for the appellant.
G. H. Dunn and J. C. Eggleston, for the appellee.
According to this view of the statute, the certificate of Mrs. Henry’s acknowledgment of her execution of the conveyance of the land in dispute to Benjamin Wilson is sufficient; and the judgment in her lessee’s favour is erroneous.
Per Ouriam.—The judgment is reversed. Cause'remanded, &c.