*Nov. Term, 1850.*

*JORDAN v. COREY.*

---

## JORDAN *v.* COREY.

The certificate of the acknowledgment of a married woman as to her execution of a deed, must show, by the facts stated in it, that she had been examined in the manner prescribed by the statute, or the deed, as to her, will not be valid.

Officers have a right, and it is their duty, to correct, at any time, any mistake in their certificates; and should the question as to the sufficiency of a certificate arise in Court, the officer who made it should be permitted to correct the mistake in it *nunc pro tunc*.

The certificate does not depend for its validity upon its being made matter of record, and a deed without such certificate as the statute requires cannot be recorded.

APPEAL from the *Tippecanoe* Court of Common Pleas.

BLACKFORD, J.—This was an action of assumpsit brought by *Corey* against *Jordan* on the indorsement of a promissory note. The note was made by one *Bean* to the defendant for the payment of 373 dollars, on the 15th of September, 1848, at the *Lafayette* branch of the *State Bank of Indiana*. The declaration alleges that the note was made without consideration.

*Wednesday, December 4.*

The defendant pleaded the general issue.

Verdict and judgment for the plaintiff.

Nov. Term,
1850.

JORDAN
v.
COREY.

It appears that in *May*, 1847, the defendant executed to said *Bean* a general warranty deed, purporting to convey to him eight undivided tenths of two certain tracts of land, in consideration of 1,373 dollars. 1,000 dollars of the price were paid down, and the said note was given for the residue.

It also appears that the defendant had no title to three of those eight tenths of said lands, except what he derived from a conveyance executed in *February*, 1847, by *John Burns* and *Eleanor* his wife, *Thomas Murphy* and *Mary* his wife, and *William Coon* and *Margaret* his wife; the said married women having each a title by descent to one of those eight tenths.

The plaintiff contends that the last mentioned conveyance is invalid, as to said married women, because the certificates of their acknowledgments are defective. These certificates state that those married women were examined separate and apart from their husbands as required by law. The objection made to the certificates is, that they do not state that the married women were examined *without the hearing of their husbands*.

The statute is as follows:

" Section 40. The acknowledgment of the execution of any deed or conveyance by which a married woman releases, &c., or by which the husband and wife convey the real estate of the wife, may be taken before any officer, &c.; but such acknowledgment shall not be taken by such officer, unless he shall first make known to her the contents and purport of such deed or conveyance, and she acknowledge, on a separate examination, separate and apart from, and *without the hearing of her husband*, that she executed such deed or conveyance of her own free will and accord, and without any coercion or compulsion from her husband; all of which shall be certified by such officer in his certificate of such acknowledgment."

" Sect. 42. No dower estate or interest whatever of any married woman shall be barred, passed, or conveyed, by any deed or conveyance purporting to be executed by her, unless the same shall be acknowledged, and such acknow-

ledgment certified as above provided." R. S. 1843, p. 421.

There can be no doubt, we think, but that under this statute of 1843, the certificate of the acknowledgment of a married woman as to her execution of a deed, must show, by the facts stated in it, that she had been examined in the manner prescribed by the statute, or the deed, as to her, will not be valid. The certificates in question are defective for not showing that the married women were examined *without the hearing of their husbands*.

The defendant refers us to the case of *Stevens* v. *Doe*, 6 Blackf. 475. But that case was governed by the statute of 1824, which differs materially from that of 1843, above cited. The case of *Stevens* v. *Doe*, is, therefore, not applicable.

The transcript shows the following admissions of the defendant, namely, " three of the grantors in said deed C, (the deed last above mentioned,) viz., *Margaret Coon*, *Mary Murphy*, and *Eleanor Burns*, when said deed C was executed, and delivered to defendant, *Jordan*, owned each in their own right, as heirs at law of *William Jordan*, deceased, one undivided tenth of the fee-simple estate in said lands; and their estate in the same was and is, unless the same is conveyed by deed C, of more value than the amount of the note and interest sued on; and they were each and every of them at the date, acknowledgment, and delivery of said deed C, *femes covert;* and they are now living."

As the said estates of said married women were worth more than the amount of said note, it follows that if those estates were not conveyed to the defendant, and by him to *Bean*, the note was given without consideration.

According to the face of said certificates, the said estates of said married women were not conveyed to the defendant.

It appears that the Court decided that they could not (the plaintiff objecting) allow the officers who made said certificates, to insert in them at the trial the fact that the

Nov. Term,
1850.

acknowledgments were made by said married women *without the hearing of their husbands.*

We think that the officers had the right, and, indeed, that it was their duty to correct at any time any mistake in their certificates. Such a certificate is an act *in pais*, which may be altered at any time by the officer who made it. *Elliott et al.* v. *Peersol et al.*, 1 Peters, 328. The certificate does not depend for its validity upon its being made matter of record. A deed without such a certificate as the statute requires, cannot be recorded. If the acknowledgments were really made by said married women *without the hearing of their husbands*, that fact might have been inserted in the certificates, at the trial, *nunc pro tunc*, by the officers who made them. The certificates, after-such amendment, would have had the same effect, as respects this cause, as if they had, at first, been properly made.

The decision of the Court below, therefore, relative to the amendment of said certificates, is erroneous.

*Per Curiam.*—The judgment is reversed and the verdict set aside with costs. Cause remanded for further proceedings. Costs here.

*Z. Baird*, and *S. A. Huff*, for the appellant.

*G. S. Orth* and *E. H. Brackett*, for the appellee.