The opinion of the Court was delivered by
O’Neall, J.
There are two matters in this case which, it seems to me, require decision; and when they are decided, they will dispose of the whole case.
1st. It is necessary to ascertain what was the estate of the *38 wife, the present plaintiff, in the land, and then to enquire, whether that was the subject of release under the provisions of the 3d sec. of the Act of 1795. 5 Stat. 257.
It is plain, on the clause of the will, that she only took a life estate. Such are the words of the clause ; and at her death, it is, then, devised to her children ; and, at their death, to their issue; and, failing such issue, to the testator’s next of kin. Beyond all doubt, her children, as a class, will, at her death, take the estate as a remainder; and, then, the question may arise, whether the limitation to the issue may not be too remote, and their estate be absolute.
The case of McClure vs. Young, (a) decided, here, in the Court of Errors, last May, puts the case, forever, at rest., in its present aspect.
Having only a life estate, it is to my mind equally clear, that it is not the subject of release, under the 3d sec. of the Act of 1795. Its words are, “ every married woman of the age of twenty-one years, who may be entitled to any real estate, as her inheritance, and may be desirous of joining her husband, in conveying away the fee simple of the sameThey shew, conclusively, that a life estate, or an estate less than a fee, was not contemplated. “Any real estate as her inheritance,” means, not such an estate as she may have inherited, but such an estate as is capable of descent and inheritance from her. The words, “ in conveying away the fee simple of the same,” clearly shew the character of the estate, which, by the law, she was then permitted to convey. It is supposed that, as she could convey the greater, she must, necessarily, have the power to convey the less estate. This is not a necessary consequence, for it must be remembered, that a married woman can only make a valid deed, in such cases, and by such forms, as the law allows.
In Brown vs. Spann, 2 Mill, 12, Judge Nott states the rule to be, that “ a married woman is not capable of binding herself by deed, unless authorized so to do by an Act of the Legislature, and then only in the manner and to the extent pre *39 scribed by such an Act.” This covers the whole question, and shuts out the possibility of the release having effect beyond the estate contemplated by the Act. By the 29th sec. of the Act of 1731, (3 Stat. 303) and the 7th sec. of the Act of 1767, (7 Stat. 196-7) amendatory thereof, a married woman may convey “ any estate or inheritance,” by joining her husband in the conveyance of the same, and acknowledging before any of the Judges, that such was her voluntary act: and .the same, upon being recorded, will bar her rights. This furnishing a remedy for the casus omissus, under the 3d sec. of the Act of 1795, saves the necessity of stretching its words beyond their proper meaning. The release, in this case, according to this view, would be inoperative, and void; but as we have not all, satisfactorily, attained this conclusion, it is necessary to look beyond it.
2. Was the magistrate’s certificate examinable, and, if so, was the jury right in finding that her act of release was not voluntary ? I have no doubt, that the magistrate’s certificate was sufficient, prima facie, for the defendants. They could have given it in evidence, after it was recorded, as a quasi record; and there rested. Until impeached, it was a perfect protection. That is the effect of Stevens vs. Doe, on the demise of Henry, 6 Blackf. 475. But the defendants did not so rest the case: — they called the magistrate, and not only proved the factum of the release, but also, that it was her voluntary act. This opened, at once, the door, not only to the reply to that evidence, that it was not so in fact, but also, to his credit, by examining him touching matters about which he had made previous inconsistent declarations. But if the magistrate had not been sworn, the same result would have followed: for his certificate is evidence, that every thing was according as is therein stated: but it is not conclusive. In this respect, it stands very much upon the footing of the subscription of a deceased witness to a deed or will. On proof of the death and handwriting, the law presumes that the witness, if alive, would prove every thing necessary to the validity of the deed or will. To destroy the legal effect of this *40 presumption, the law permits the declarations of the witness, or his bad character, to be given in evidence. McElwee vs. Sutton, 2 Bail. 128; Black vs. Ellis, 3 Hill, 68. So here, the declarations of the magistrate were competent to shew that, notwitstanding his certificate,, the release was not the voluntary act of the wife.
I agree, too, to the proposition, so well maintained by the counsel for the plaintilf, that the magistrate ought to have cancelled the release, as soon as he ascertained, which he did before he left the residence of the wife, and while it was yet in his hands, that it was not her voluntary act. For it has no effect until it is recorded. Until then, I apprehend, it is the subject of any legal objection, and especially is it so, while it is in the hands of the magistrate. Until he delivers it, it is as nothing. As a public officer, charged with the protection of the rights of one who cannot protect herself, it is his duty not to permit a paper, which he believes to be wrong, to have the sanction of his authority.
I agree fully with the jury, both from the declarations of the wife coming from the magistrate, and the other facts of the case, that the release was wrung from the wife by the cruelty of the husband, and the paramount necessity (cieated by the act of the defendant, Evans, in demanding possession, which he might legally do) of providing a home for herself, her children, and her drunken husband. Such a release, so obtained, never, with my consent, shall bar the rights of the wife.
The motion is dismissed.
WitheRs and Whitner, JJ. concurred.

 3 Rich. Eq.