No. 7851.

## STOTT *v.* HARRISON.

NEGLIGENCE.—*Attorney.*—*Notary.*— *Chattel Mortgage.*—*Damages.*— *Contract.*—Where an attorney who is a notary undertakes and agrees, for a consideration, to draw a chattel mortgage and to make certificate of the acknowledgment of its execution, and also agreed to deliver such mortgage, without additional compensation, to the recorder of the county for record, within ten days from its execution, and cause the same to be recorded, for failure to perform the latter undertaking, whereby the lien of said mortgage is lost, he is liable for the damages sustained by reason thereof; and, in an action for such failure, the averment and proof of the former undertaking are pertinent.

SAME.—*Failure to Affix Notarial Seal.*—The failure of such notary to affix his seal to such acknowledgment, it being his duty and within his power to do so under his employment, is no defence to such action.

SAME.—*Measure of Damages.*—*Price of Property Sold on Execution not Conclusive on Stranger as to Value.*—In such action, the amount for which such mortgaged property was sold on execution is not conclusive as to its value against the plaintiff, who was a stranger to such writ.

Stott *v.* Harrison.

CONSTABLE.—*Return on Execution.—Authentication.—Evidence.*—Where
the return on a writ of execution is made by a constable on the back
of such writ, a part in one column and a part in another, with the
indorsements of the justice on the writ between, and the constable's
name subscribed at the bottom of the left-hand column, such subscrib-
ing is a proper authentication of the whole of such return, and such
writ is admissible in evidence.

From the Gibson Circuit Court.

*R. M. J. Miller*, for appellant.

*W. M. Land*, for appellee.

WOODS, J.—Action by the appellee against the appellant,
on a complaint showing the following facts :

The plaintiff was liable, as surety for one Sylvester B.
Jones, on a promissory note for one hundred and forty dol-
lars, and said Jones, having agreed to execute to the plain-
tiff a mortgage on certain growing wheat to secure him
against loss on account of his said liability, they employed
the defendant, who was an attorney and a notary public;
and the defendant, on said employment, undertook and
agreed, for a reasonable reward in that behalf, to draw up
said mortgage and take the acknowledgment of said Jones
thereto, in such manner as to make the same a valid and
legal lien on said property, in favor of the plaintiff ; and the
defendant did accordingly draw a mortgage, which was duly
signed and acknowledged by said Jones, and appended there-
to his certificate of such acknowledgment as a notary pub-
lic ; that thereupon, to wit, on the 5th day of February,
1877 (the day on which said mortgage was executed), in
consideration that he, plaintiff, did then and there deliver
said mortgage to the defendant, to be by him delivered to
the recorder of Gibson county to be recorded, the defend-
ant undertook and promised, without reward in that behalf,
to deliver the same to said recorder, and cause the same to
be recorded within ten days from that time ; that, though
the defendant then and there received said mortgage of the

plaintiff for the purpose aforesaid, yet, not regarding his said promise and undertaking, he did not, and would not, deliver said mortgage to the recorder and cause the same to be recorded within ten days of said date, but so carelessly conducted himself in that respect that said mortgage was not delivered to the recorder for record until the 16th day of February, 1877, by reason whereof the lien of said mortgage became lost, and said property was seized and sold as the property of said Jones on an execution junior to the date of said mortgage, and the proceeds of the sale applied upon said writ; that said mortgaged property was worth two hundred dollars; that said Jones was and is insolvent, and possessed of no property subject to execution; that the plaintiff was compelled to pay, and did pay, upon said note whereon he was surety for said Jones, the sum of ninety dollars, which has never been repaid by said Jones, or otherwise.

Answer in general denial; trial by the court; finding and judgment for the plaintiff.

The only error assigned is upon the overruling of the appellant's motion for a new trial.

The appellant claims that the verdict is contrary both to the law and the evidence, and, in support of this proposition, contends that the gist of the complaint is the failure to deliver the mortgage for record, and that the averments concerning the appellant's employment to draw the mortgage, and take the acknowledgment of its execution, are surplusage and play no part in the case; and that, as there was no notarial seal attached to the certificate of acknowledgment, the recording of the mortgage would have been a nullity, and that the plaintiff had, therefore, not been injured by his alleged negligence in not having the mortgage recorded in time.

The mortgage and the certificate of acknowledgment, and the indorsement of the recorder of the county, showing that the instrument had been received for record on February

16th, 1877, were, as it appears by the bill of exceptions, put in evidence without objection, and no suggestion of the defect seems to have been made in the court below. Under the circumstances, it is doubtful, to say the least, whether this court can be called on to say that there was no impression of a seal merely because the clerk has indicated none on the transcript. See *Brooster* v. *The State*, 15 Ind. 190 ; *Stevens* v. *Doe*, 6 Blackf. 475 ; *Jordan* v. *Corey*, 2 Ind. 385 ; *Beardsley* v. *Knight*, 4 Vt. 471.

If, however, it were conceded that the acknowledgment now under consideration was defective for the want of the notarial seal, the conclusion contended for by the appellant does not follow. The gist of the complaint is not simply that the appellant undertook to deliver the mortgage to the recorder for record, but also to cause the same to be recorded ; and in this connection it is not without significance that the appellant, an attorney and notary, for a consideration, on the employment of the plaintiff and said Jones, drew the mortgage, and took and made a certificate of the acknowledgment thereof. If in truth he had not stamped the certificate with his official seal, he still had the power to do it (*Jordan* v. *Corey*, *supra*), and having undertaken to cause the mortgage to be recorded within the time allowed therefor by law, his failure can not be excused on account of the absence of a seal which he had the power, and was under a double duty to the plaintiff, to attach—a duty arising from the original employment to take the acknowledgment, and also from the undertaking to cause the instrument to be recorded ; and, upon the charge of the failure to perform the latter undertaking, the averment and proof of the former are pertinent, and perhaps necessary, under the circumstances, to make the cause of action complete.

Another ground on which it is claimed that a new trial should be granted is that the court erred in allowing certain writings endorsed on the execution on which the wheat was

sold, or is claimed to have been sold, to be read in evidence. as a part of the constable's return on said writ. It is claimed that the part so read was not signed by the constable, and that, aside therefrom, there was a complete return over the signature of the constable. The return, as put in evidence, was identical with a return which was copied into the record of the justice of the peace, which had already been read in evidence without objection; but, aside from this, we are not able to say that the court committed any error in treating the parts objected to as a part of the true return. It was all written on the back of the writ, presumably in one handwriting, a part in one column and part in another, with the indorsement of the justice on the writ between, and the constable's name subscribed at the bottom of the left-hand column. It would be extremely technical to hold that the signature so placed was not a proper subscribing and authentication of the whole. The portions objected to showed the sale of the wheat. There was other evidence of the sale, and no conflict of evidence on the subject.

We can not say that the court awarded excessive damages. The price for which the wheat was sold by the constable was not conclusive on the plaintiff, who was a stranger to the writ, and adversely interested, and there was abundant evidence to show a greater value than the price so obtained.

Judgment affirmed, with costs.