## THOMAS J. STOTT v. MARSHALL HARRISON.

1. *Negligence of Attorney in Making and Recording Mortgage.*—An attorney and notary undertaking to take a certificate of acknowledgment and record a mortgage, is liable for damages sustained by reason of negligence therein.

2. *Measure of Damages.*—The measure of damages in such case is not necessarily limited by the amount received for the mortgaged property upon a constable's sale thereof where it was actually of greater value.

3. *Signature to Return.*—Where a return is written in two columns, the signature of the constable may be at the bottom of one of the columns only.

Filed April 20, 1881

Appeal from Gibson.

R. M. J. Miller, for appellant, cited 4 Blkf. 185; 6 Blkf. 356, as to seal of notary public's acts; 57 Ind. 408, as to acknowledg-

ment and record of mortgage; *Hawkins et al.* v. *Hawkins, Adm'r.*, 28 Ind. 66, as to return of summons.

W. M. Land, for appellee.

Opinion of the court by Mr. Justice Woods.

Action by the appellee against the appellant on a complaint showing the following facts: The plaintiff was liable as surety for one Sylvester B. Jones on a promissory note for one hundred and forty dollars, and said Jones having agreed to execute to the plaintiff a mortgage on certain growing wheat to secure him against loss on account of his said liability, they employed the defendant, who was an attorney and a notary public, and the defendant, on said employment, undertook and agreed for a reasonable reward in that behalf, to draw up said mortgage and take the acknowledgment of said Jones thereto in such manner as to make the same a valid and legal lien on said property in favor of the plaintiff; and the defendant did accordingly draw a mortgage, which was duly signed and acknowledged by said Jones, and appended thereto his certificate of such acknowledgment as a notary public. That, thereupon, to wit: On the 5th day of February, 1877 (the day on which said mortgage was executed), in consideration that the plaintiff did then and there deliver said mortgage to the defendant to be by him delivered to the recorder of Gibson county to be recorded, the defendant undertook and promised, without reward in that behalf, to deliver the same to said recorder and cause the same to be recorded within ten days from that time. That though the defendant then and there received said mortgage of the plaintiff for the purpose aforesaid, yet, not regarding his said promise and undertaking, he did not and would not deliver said mortgage to the recorder and cause the same to be recorded within ten days of said date, but so carelessly conducted himself in that respect that said mortgage was not delivered to the recorder for record until the 16th day of February, 1877, by reason whereof the lien of said mortgage on said property became lost, and said property was siezed and sold as the property of said Jones on an execution junior to the date of said mortgage, and the proceeds of the sale applied upon said writ. That said mortgaged property was worth two hundred dollars; that said Jones was and is insolvent and possessed of no property subject to execution; that the plaintiff was compelled to pay and did pay aforesaid note

whereon he was surety for said Jones the sum of ninety dollars, which has never been repaid by said Jones or otherwise.

Answer in general denial, trial by the court, finding and judgment for the plaintiff.

The only error assigned is upon the overruling of the appellant's motion for a new trial.

The appellant claims that the verdict is contrary both to the law and the evidence; and in support of this proposition contends. that the gist of the complaint is the failure to deliver the mortgage for record, and that the averments concerning the appellant's employment to draw the mortgage and take the acknowledgment of its execution are surplusage and play no part in the case; and that as there was no notarial seal attached to the certificate of acknowledgment, the recording of the mortgage would have been a nullity, and that the plaintiff had therefore not been injured by his alleged negligence in not having the mortgage recorded in time.

The mortgage and the certificate of acknowledgment and the endorsement of the recorder of the county, showing that the instrument had been received for record on February 16, 1877, were, as it appears by the bill of exceptions, put in evidence without objection, and no suggestion of the defect seems to have been made in the court below. Under these circumstances it is doubtful, to say the least, whether this court can be called on to say that there was no impression of a seal merely because the clerk had indicated none on the transcript. See *Brooster* v. *The State*, 15 Ind. 190; *Stevens* v. *Do Edem Henry*, 6 Blf. 475; *Jordon* v. *Corey*, 2 Ind. 385; *Beardsley* v. *Knight*, 4 Vt. 471.

If, however, it were conceded that the acknowledgment now under consideration was defective for the want of the notarial seal, the conclusion contended for by the appellant does not follow. The gist of the complaint is not simply that the appellant undertook to deliver the mortgage to the recorder for record, but also to cause the same to be recorded; and in this connection it is not without significance that the appellant, an attorney and notary, and for a consideration, on the employment of the plaintiff and said Jones, drew the mortgage and took, and made a certificate of, the acknowledgment thereof. If in truth he had not stamped the certificate with his official seal, he still had the power to do it, *Jordan* v.

*Corey, supra,* and having undertaken to cause the mortgage to be recorded within the time allowed therefor by law, his failure can not be excused on account of the absence of a seal which he had the power, and was under a double duty to the plaintiff, to attach ; a duty rising from the original employment to take the acknowledgment, and also from the undertaking to cause the instrument to be recorded; and upon the charge of the failure to perform the latter undertaking, the averment and proof of the former are pertinent and perhaps necessary under the circumstances to make the cause of action complete.

Another ground on which it is claimed that a new trial should be granted is, that the court erred in allowing certain writings indorsed on the execution on which the wheat was sold, or is claimed to have been sold, to be read in evidence as a part of the constable's return on said writ. It is claimed that the part so read was not signed by the constable, and that, aside therefrom, there was a complete return over the signature of the constable. The return, as put in evidence, was identical with a return which was copied into the record of the justice of the peace, which had already been read in evidence without objection; but aside from this we are not able to say that the court committed any error in treating the parts objected to as a part of the true return. It was all written on the back of the writ, presumably in one hand writing, a part in one column and a part in another, with the indorsements of the justice on the writ between, and the constable's name subscribed at the bottom of the left hand column. It would be extremely technical to hold that the signature so placed was not a proper subscribing and authentication of the whole. The portions objected to showed the sale of the wheat. There was other evidence of the sale, and no conflict of evidence on the subject.

We can not say that the court awarded excessive damages. The price for which the wheat was sold by the constable was not conclusive on the plaintiff, who was a stranger to the writ and adversely interested, and there was abundant evidence to show a greater value than the price so obtained.

Judgment affirmed with costs.