Trentman *et al. v.* Wiley *et al.*

No. 9221.

## TRENTMAN ET AL. *v.* WILEY ET AL.

| 85 | 33 |
|----|-----|
| 148 | 186 |
| 149 | 39 |
| 152 | 626 |
| 85 | 33 |
| 161 | 382 |
| 85 | 33 |
| 168 | 476 |

ATTACHMENT.—*Suit on Bond.*—*Complaint.*—Where defendants in an attachment proceeding succeed, and bring an action upon the bond to recover such damages as they sustained by the seizure and sale of their goods by a writ issued therein, it is not necessary to allege in the complaint that an affidavit was filed, or that the writ was delivered to the proper officer, or that the goods were sold by any person having authority.

SAME.—*Answer.*—*Sale of Perishable Goods.*—*Judgment Res Adjudicata.*—An answer in such action, that the goods were sold as perishable property, under an order of the court, made without objection, constitutes no defence, and an averment that the writ was rightfully issued adds nothing to the answer, as the judgment in the attachment proceedings concludes the defendant upon such question.

SAME.—*Damages.*—In such action the plaintiffs are entitled to such damages as they sustained, although it is not shown that the judgment in the attachment proceedings was upon the merits; and an answer which avers no fact in bar of the action is insufficient on demurrer.

SAME.—*Measure of Damages.*—The price for which the property was sold by the sheriff, under the order of the court, as perishable property, was not the measure of damages in a suit upon the attachment bond.

SAME.—*Instruction.*—An instruction in such action, that if a part of the attached property was left with the plaintiffs, the cash value of the residue was the measure of damages, was properly refused, as it precluded a recovery for such expenses as were incurred in defending the suit, and such sums in addition in the nature of interest as will compensate the party for his loss;· and an instruction, which directs the jury to allow interest upon the value of the property taken and the amount of expenses incurred from the time the writ issues, in. addition to such sums, is erroneous, unless the property was then taken and the expenses then incurred.

SAME.—*Mitigation of Damages.*—Where the money arising from the sale of perishable property in attachment proceedings is brought into court, and, after the proceedings are defeated, the court, without objection, orders the money paid to the defendants, the same, in a suit upon the bond, will be considered, in mitigation of damages, as the property of the defendants.

SAME.—*Creditor.*—*Party.*—*Lien.*—*Judgment.*—A creditor, who files his claim under an attachment proceeding, becomes a party thereto and is concluded by the judgment, and, if the defendant succeeds, such creditor acquires no lien upon the property, though his claim is allowed.

PRACTICE.—*Instruction.*—*Interrogatories.*—An oral statement by the judge

to the jury, directing them to answer certain interrogatories, is not an instruction within the meaning of the law, and there is no error in making it after a request to instruct in writing.

SAME.—The refusal of the court to give an instruction to the jury applicable to facts which the jury find do not exist is not error.

SAME.—*Submission of Interrogatories.*—It is not error to refuse to submit to the jury an interrogatory as to a question of fact not involved in the issues, or as to a question of law.

SAME.—*Verdict.*—A motion for judgment upon the answers of the jury to interrogatories can not be sustained where the facts found do not control the general verdict.

SAME.—*Judgment.—Costs.—New Trial.*—The rendition of a judgment for costs, without relief from valuation laws, if erroneous, is not cause for a new trial.

SAME.—*Excessive Damages.—Supreme Court.*—Where the damages assessed are excessive, the judgment will not be reversed for such cause if the successful party will remit the excess.

From the Marshall Circuit Court.

*L. M. Ninde* and *T. E. Ellison*, for appellants.

BEST, C.—The appellees sued the appellants upon an undertaking in attachment, alleging in their complaint, in substance, that appellants executed said bond, caused a writ of attachment to issue thereon, by virtue of which a stock of goods of the value of $2,000, belonging to the appellees, was attached, sold and otherwise disposed of, whereby the same was wholly lost to the appellees; that they were put to $300 expense in defending said attachment proceedings, and that a judgment was finally rendered for them therein.

A demurrer to the complaint by appellants for the want of facts was overruled, and an answer of five paragraphs was filed. A demurrer was sustained to the second, third and fifth, and a reply was filed to the fourth paragraph of the answer.

The issues thus formed were tried by a jury, and a verdict, with answers to interrogatories, was returned for $900. The appellants moved for a new trial and for judgment upon the answers to interrogatories. These motions were overruled, and final judgment rendered upon the verdict.

These various rulings are assigned as error, and will be considered in their order.

The objections urged to the complaint are, that there is no averment that an affidavit was filed in the attachment proceedings; there is none that the writ was delivered to the proper officer; nor is there any that the goods were sold by any person having authority.

These averments were unnecessary. The averment is that appellants caused the goods to be seized, and this was sufficient to show that they were liable for the loss of them, if the proceedings were wrongful. Nor was it necessary to allege that an affidavit had been filed in the attachment proceeding. The appellees were not required to prove that fact, nor would the want of one be any defence, and hence an averment upon that subject was wholly unnecessary. The complaint was sufficient, and the demurrer properly overruled.

The second paragraph of the answer averred that after the goods were attached the sheriff applied to the court for an order to sell them as perishable property; that the court, without objection from the appellees, ordered them sold, and the sheriff, in pursuance of such order, sold them for $110.95; that the appellees have never demanded the money of the sheriff, and that said proceedings were not wrongful.

The judgment in the attachment proceedings against the appellants concludes them upon the question as to whether the writ was rightfully or wrongfully issued, and hence the last averment in this paragraph of the answer adds nothing to it. The other facts constituted no defence. The averment that the order was made without objection is not equivalent to an averment that the sale of the appellee's goods was made with their consent. The goods having been wrongfully taken, the sale of them as perishable property, in pursuance of the statute, in no manner exonerated the appellants from liability for such damages as their wrong occasioned. The facts alleged constituted no defence, and the demurrer was properly sustained.

The fifth paragraph of the answer alleged, in substance,

that the appellees had purchased said stock of goods of the appellant Trentman, and, at the time said attachment proceedings were instituted, the appellees were selling said goods for the purpose of cheating and defrauding said appellant and their other creditors, and that, by reason of such facts, said proceedings were not wrongfully, but rightfully, instituted.

What we said in disposing of the latter part of the second paragraph of the answer disposes of this paragraph. The appellants can not, in this suit, allege that the writ of attachment was rightfully issued. That fact was adjudged against them in the other suit. They insist, however, that it does not appear from the complaint that the judgment was upon the merits, and, in such case, they may show that the attachment was rightfully issued. We think it does so appear, but if it did not the appellees would, nevertheless, be entitled to such damages as they had sustained, and, as this paragraph alleged no fact in bar of the action, it was insufficient. The demurrer was properly sustained.

This brings us to the motion for a new trial. It embraced many reasons. Those that are noticed in appellants' brief will alone be considered.

The first is that the court erred in instructing the jury orally, after it had been requested at the proper time to instruct in writing. Such a request was made, and, after the written instructions were read to the jury, the court said to them that the defendants had furnished certain interrogatories which they were required to answer and return with their general verdict; that he, the judge, had drawn pencil marks across some of them, and that they need not answer them; that he had drawn a mark across one numbered 45, by mistake, and that they should answer that one; that plaintiffs' counsel have noted their objections to these interrogatories, but that they should not regard such objections.

These statements were not instructions, within the meaning of the law. *McCallister* v. *Mount*, 73 Ind. 559.

The appellants requested the court to charge the jury that

if the sheriff obtained an order to sell the property attached. as perishable property, without objection from the appellees,, and in pursuance of such order sold it, the price for which it. sold was the measure of damages.

This instruction was properly refused. The appellees were· not limited in their recovery to the amount for which the· property sold. · *Stott* v. *Harrison,* 73 Ind. 17 ; *Smith* v. *Zent,* 83 Ind. 86.

The appellants asked the court to instruct the jury that if they found that the amount for which the property sold had been applied upon a judgment in favor of H. J. Trentman. & Bro., against the appellees, such fact should be considered. in mitigation of damages.

The jury found, in answer to an interrogatory, that the· money arising from the sale was not so applied, and, therefore, the refusal of the court to give this instruction, if erroneous, was harmless. *Moore* v. *Lynn,* 79 Ind. 299.

The appellants also asked the court to charge the jury that if they found that $391.90 was the fair cash value of that. portion of the property sold to one Helmer and Martin &. Co., and that the residue of the property attached was left with the appellees, the sum for which such portion sold was, the proper measure of damages.

This instruction was properly refused. It ignored one im--portant element of damages, and that was the right of the· appellees to recover in such action such sum as would com--pensate them for the expenses incurred in defending the suit. in attachment. Drake Attachment, section 175.

The appellants also asked the court to instruct the jury that if they found that H. J. Trentman & Bro. had filed a claim under the attachment proceedings of the appellant Trentman, and that a judgment was rendered thereon for $137, without any denial of the affidavit filed therewith, said H. J . Trentman & Bro. would hold a lien upon the property attached, by virtue of the writ of attachment, and.

the appellees would not be entitled to claim said property or its value in this suit.

This instruction was also properly refused. When a creditor files a claim, under an attachment proceeding, he becomes a party to such proceeding, and when such proceeding is tried and determined the judgment concludes all persons who are parties. The statute does not contemplate a separate trial of such proceeding by each creditor who becomes a party by filing his claim, and if a creditor's claim is allowed, but the proceedings in attachment are defeated, as was done in this case, such creditor has no lien or claim upon such property by virtue of such proceeding. *Lexington, etc., R. R. Co.* v. *Ford Plate Glass Co.*, 84 Ind. 516.

The appellants also requested the court to instruct the jury that if they should find that the appellant Trentman, since the commencement of the trial, had released a portion of the goods attached to the appellees, this fact should be considered in estimating the damages sustained.

The jury found that no goods had been released, and this fact renders the ruling upon this instruction harmless.

The appellants also complain of an instruction given by the court, as to the measure of damages, which will be considered hereafter.

The fourth paragraph of the answer set up a judgment in favor of the appellant Trentman against the appellees as a set-off, and the thirteenth and fourteenth interrogatories asked the jury to state the amount of costs recovered in such action. These interrogatories the court refused to submit to the jury, and of this the appellants complain. There was no averment in the complaint, nor proof upon the trial, of the amount of costs recovered, and, therefore, there was no error in this ruling.

Interrogatories numbered from 19 to 28, inclusive, were intended to elicit the facts concerning the claim of H. J. Trentman & Bro., and its allowance by the court. These the court refused to submit to the jury, and this ruling was proper, for

Trentman *et al. v.* Wiley *et al.*

the reason heretofore given why the allowance of this claim did not affect the rights of the parties to this action.

The question propounded by the sixty-seventh and sixty-eighth interrogatories was as to whom the money deposited with the clerk belonged; and these the court refused to submit to the jury. This was right. The enquiry was a question of law and not of fact. ·

The motion of appellants for judgment upon the answers of the jury to interrogatories can not be sustained. No fact was found by them that controls the general verdict and entitles the appellants to judgment.

The court, over appellants' objection, rendered a judgment for the costs, without relief from valuation or appraisement laws, and this was assigned as a cause for a new trial. Such order is not ground for a new trial, and, as it was not assigned as error, no question arises upon the ruling.

The appellants also insist that the damages assessed were excessive, and that the court misdirected the jury as to the proper measure of damages. Upon this question the court instructed the jury as follows: "If you believe from the evidence that the plaintiffs are entitled to recover anything on account of expenses and attorney fees incurred by them in defending said attachment, the amount thereof, added to the damages you find for the attaching of their property, would constitute the amount you would be entitled to fix as the damages for the issuing, service and defence of said attachment suit and proceeding, to which should be added interest at six per cent. per annum on the full amount of damages, from the commencement of the attachment to this time."

This instruction means, as we suppose, that the amount of expenses incurred in the defence of the attachment suit is to be added to the damages caused by the attachment of the property, and interest at six per cent. from the time the writ of attachment was issued till the time of trial was to be added to the sum total, as the measure of damages.

This is not an accurate statement of the law. Where none

of the property attached is restored to the attachment defendant, upon a failure of the attachment proceedings, but the same is wholly lost to him, the value of the property, with interest thereon from the time it was taken, and such expenses as were necessarily incurred in the defence of such proceeding, with interest thereon from the time such expenses were incurred, is the measure of damages. Compensation for the loss is the rule in such cases, and this is awarded by allowing the party the value of his property, the expenses incurred, and such sum in addition, in the nature of interest, as will compensate him for his loss. *Beals* v. *Guernsey*, 8 Johns. 446 (5 Am. Dec. 348); *Kennedy* v. *Whitwell*, 4 Pick. 466; Cooley Torts, page 457, and authorities cited.

The party, however, in the absence of circumstances entitling him to exemplary damages, is not entitled to anything more than compensation, and, therefore, is not entitled to interest upon the value of the property attached, and expenses incurred from the time the attachment was commenced, unless the property was then seized and the expenses were then incurred. The expenses in this case were not incurred at the time the attachment was commenced; and, as the instruction in question directed the jury to assess interest as damages upon expenses before they were incurred, it was, in this respect, erroneous.

The damages assessed were also excessive if the value of the property, and the amount of expenses incurred, as found by the jury in answer to interrogatories, may be relied upon in determining such question. The property was attached on the 28th day of September, 1876. Shortly thereafter the sheriff sold it as perishable property for $110.95, $71.40 of which, the net proceeds of said sale, was paid into court; and, on the 6th day of July, 1878, when the proceedings in attachment were adjudged against appellants, this sum was ordered paid to the appellees. This was not, however, done, and this sum remained in the hands of the clerk on the 29th day of October, 1880, when the judgment in this cause was rendered. Whether

this money, in the absence of the order made to pay it to the appellees, would be treated as their money, or whether they could recover full damages, as upon a complete conversion of their property, it is not necessary to determine, as we are of opinion, that, after the order was made, to which no objection was interposed, the money must be treated as belonging to the appellees, and their damages assessed accordingly. If this were not so, after judgment and satisfaction for full damages, this order would entitle the appellees to this money, which would, in the absence of such order, under such circumstances, belong to the appellants. The fourth paragraph of the answer, as before stated, was a set-off by Trentman, who was principal in the bond, and the jury found there was due thereon $861.38. They also found that the value of the property attached was $1,250, and that the expenses incurred amounted to $170.48. If interest at six per cent. upon these last two sums, from the time the writ of attachment was issued until the judgment was rendered, is added, and from the aggregate the amount of money in the clerk's hands and the amount of the set-off are deducted, it will be found that the verdict is at least $65 in excess of the damages sustained. In addition to this it appears that the expenses were not incurred when the attachment was issued, and that the excess is, therefore, greater than the sum above named. It, however, does appear that all expenses were incurred before the 28th of June, 1878, when the attachment suit was tried, and if interest is allowed upon the amount of expenses incurred from this time, and upon the value of the property from the time the attachment issued, at which time the property was taken, and from the sum total of these several amounts the amount of the appellant Trentman's judgment and the amount of money in the hands of the clerk are deducted, it will be found that the sum assessed is $82 in excess of the damages sustained. This amount may be remitted, and the errors in giving the instruction and in making the assessment may thus be rendered harmless, without a reversal of the judgment.

We have now considered all the questions in the record, and are of opinion that if the appellees will, within sixty days, remit $82 of the judgment, as of its date, the same should be affirmed for the residue; otherwise reversed.

P.ER CURIAM.—It is therefore ordered, upon the foregoing opinion, that if the appellees will, within sixty days from this time, remit $82 of the judgment, as of its date, the same will be affirmed for the residue, at the appellees' costs in this court. Otherwise, reversed, at the appellees' costs.