## ALLEN *v.* SULLIVAN RAILROAD COMPANY.

An impression of the seal of a railroad corporation, made upon the paper of instruments issued by them as bonds, and purporting to be under seal, is a sufficient seal to make the instruments specialties on which debt may be maintained.

THIS is an action of debt upon two bonds, so called, of the defendants. The declaration is as follows:

" In a plea of debt, for that the defendants, at said Keene, on the first day of January, A. D. 1850, by their bond of that date, sealed with their seal, and here in court to be produced, for value received, acknowledged that there was due, and bound themselves to the holder thereof in the sum of three hundred dollars, to be paid to the said holder, at the office of the treasurer of said company, in Boston, on the first day of January, A. D. 1855, with interest payable semi-annually, at the same place, on presentation of the interest warrants, or upon the surrender of the said bond, together with the interest warrants not due, to the treasurer, at any time prior to the first day of January, A. D. 1854, the said treasurer should issue to said holder of said bond three shares in the stock of said company in exchange therefor, in which case interest should be paid to the date to which a dividend of profits should have been previously declared. And the plaintiff avers that he is the lawful holder of said bond; that said bond was not surrendered as aforesaid

to said treasurer ; that said bond has not been paid, or any part thereof; that said first day of January, A. D. 1855, has long since passed, and that heretofore, to wit, on the first day of January, A. D. 1855, said bond was presented for payment, at the said office of the said treasurer, in Boston, and payment thereof was then and there demanded ; yet the said defendants have never paid the same, nor any part thereof, but neglect and refuse so to do."

The second count was in similar form, and *non est factum* was pleaded. On the trial the instruments declared on are produced, and appear to be correctly set forth in the declaration ; the signatures of the signers are proved, and there is an impression of what is proved to be the seal of the defendant corporation, made in the paper of the instrument, without wax, wafer, or any adhesive material.

It was objected for the defendants, that the instruments declared on are not bonds nor specialties, as they are not under seal ; and the evidence is therefore incompetent to support the declaration, which should have been in assumpsit, or debt on simple contract, and not debt upon a bond or specialty.

The court ruled, for the purpose of the trial, that the instruments are specialties, and a verdict for the plaintiff was returned, subject to the opinion of the Superior Court, which the defendants move may be set aside.

*Wheeler & Faulkner*, (with *Cushing*,) for the defendants.

There can be no question that the word *bond, ex vi termini*, imports a sealed instrument. If the impression in the paper of the instrument declared upon constitutes a seal, debt on bond is the proper form of action. But the defendants contend that there should be an impression upon wax, or wafer, or some similar substance. Such is the law in England and in the Eastern States. *Warren* v. *Lynch*, 5 Johns. 239 ; *Douglas* v. *Oldham*, 6 N. H. 150.

Lord Coke's definition of a seal, *sigillum est cera impressa, quia cera sine impressione non est sigillum*, 3 Inst. 169, is said

by Chancellor *Kent* to be supported by all the ancient authorities. 4 Kent's Com. 452. " The law has not indeed declared of what precise materials the wax shall consist; and whether it shall be a wafer, or any other paste, or matter sufficiently tenacious to adhere and receive an impression, is perhaps not material." *Warren* v. *Lynch.*

Although, by the Revised Statutes of New-York, an impression upon the paper, without wax or wafer, is sufficient in the case of courts and public officers, in all other cases such an impression is a nullity as a seal. *Farmers' Bank* v. *Haight,* 3 Hill 493.

*Vose,* for the plaintiff.

The instruments declared on are sufficiently shown to be specialties. A corporation may make and use what seal it will. Angell and Ames on Corp. 151. When the common seal of a corporation appears to be affixed to an instrument, and the signatures of the proper officers are proved, courts are to presume that the officers did not exceed their authority, and the seal itself is *prima facie* evidence that it was affixed by proper authority. The contrary must be shown by the objecting party. Ibid., 158, 159.

There is a material distinction between a mere scrawl and a seal impressed upon the paper. The latter is a sufficient sealing. *Carter* v. *Burley,* 9 N. H. 558. The ninth section of chapter 1, Revised Statutes, was intended to remove all possibility of doubt in regard to official seals, and not to declare such seals insufficient in other cases. The sufficient nature of such sealing is established by that statute.

The dictum of the editor, in his note to 4 Greenl. Cruise 28, if considered as restricting the idea of seals to such as are affixed by wax or wafer, is unsustained by sound authority or usage. The narrow and over nice ruling of the court in *Farmer's and Man. Bank* v. *Haight,* 3 Hill 493, has called for, and has since been corrected by legislation.

In the application of rules of law, the object and policy of those rules is in ordinary cases to be regarded, and a substan-

tial compliance required. In holding the posting up of an orig-
inal warrant sufficient, where a statute requires a copy to be
posted, and in analogous instances in all branches of the law,
too numerous and familiar to need further reference to them, we
find this salutary principle continually applied.

Impressions of seals upon the paper have been held good in
the following cases: *Corrigan* v. *Trenton Del. Falls Co.*, 1 Halst.
Ch. 52 ; *Bank of Manchester* v. *Slason*, 13 Vt. 334 ; *Follett*
v. *Rose*, 3 McLean 332 ; *Highway* v. *Pendleton*, 15 Ohio 735 ;
*Pillow* v. *Roberts*, 7 Eng. 822 ; see, also, 4 Cowen & Hill's
Phil. Ev. 821, 824.

*Wheeler*, in reply.

The intention of the Legislature in passing the first chapter of
the Revised Statutes was the reverse of that contended for by
the plaintiff. It establishes no general rule. It makes an ex-
ception to the rules of the common law in the cases specified,
and no others. This is not one of those cases. The statute does
not refer to corporations.

The cases from Ohio, and other distant States, cannot affect
the rules of law here.

By the common law there must be an impression, and it must
be made on wax, or some adhesive substance capable of receiv-
ing an impression. Unless an exception is shown, this general
rule prevails.

*Cushing*, on the same side.

The question is not here in relation to the validity of the
instrument. If it is held not to be a specialty for want of a
seal, it may be valid as a simple contract.

BELL, J. At common law it was originally held that a seal
consisted of an impression upon wax, or wafer, or some other
tenacious substance, capable of being impressed. *Warren* v.
*Lynch*, 5 Johns. 239 ; 4 Kent's Com. 452 ; 3 Co. Inst. 169.

In some of the States it has been held by the courts, or pro-

vided by statutes, that a scrawl made with a pen constitutes a sufficient seal. The question of the sufficiency of a scrawl as a seal arose here in *Douglas* v. *Oldham*, 6 N. H. 150, and it was held that a scrawl could not here be considered as a seal. So far as we are aware, no decision has occurred here in relation to the nature and requisites of a seal, except this and the case of *Carter* v. *Burley*, 9 N. H. 558. In that case the question arose whether the impression of a notarial seal upon the paper of a protest, made by a notary-public in Pennsylvania, could be here regarded as a seal, and it was held by the court a sufficient seal. "In this case," says *Parker*, C. J., "the protest is by a notary, under what purports to be an official seal. It is not a mere scrawl, but a distinct impression upon the paper of the protest, showing the character of a notarial seal. Nothing would have been added to its character by wafer or wax ; and as this is not an uncommon mode of affixing official seals, we are of opinion that it is sufficient. It is to be presumed, from the production of the instrument itself, that it was duly affixed according to the laws of Pennsylvania, until there is something to impeach it."

By the Revised Statutes, passed about four years after this decision, it was provided, that " whenever the seal of any court or public office is required to be affixed to any paper, the word *seal* shall be construed to include an impression of such official seal made upon the paper alone, as well as an impression made by means of wax or wafer affixed thereto."

This provision, which has no negative, express or implied, of the extension of the same rule to other proper cases, seems to us a distinct recognition of the fitness of an impression of a seal on paper alone to answer all the purposes of a seal.

Though wax and wafer are most frequently spoken of as the material of seals, yet other things were used. The bulls of the Pope were sealed with lead or gold. Jac. Law Dict., *Seals*. And in our own State, as well as elsewhere, seals were very commonly impressions made upon pieces of paper annexed by a wafer, gum or paste, to the instrument sealed, or two such pieces of paper were secured to each other, and to tapes passed through

the paper, or parchment, of the instrument, by wafer, or other adhesive substance, and the impression made upon one of these pieces of paper.

It seems to us, then, that there is nothing necessary to constitute a seal but some material of a suitable character to receive an impression, and an impression bearing the character of a seal upon it. Where wax, or a paper annexed by wafer, were fixed to an instrument in the place of a seal, and with the apparent intention that they should be seals, the court would not look curiously to discover the impression made upon it; but where there was nothing but the impression made upon the paper to indicate that there was a seal, the court would not regard any thing as a seal but such a clear and manifest impression as left no doubt as to its purpose.

The cases of *Warren* v. *Lynch*, 5 Johns. 239; *Bank* v. *Gray*, 2 Hill 227, and *Bank* v. *Haight*, 3 Hill 493, are inconsistent with these views: the two latter holding directly that a mere impression on the paper is not a seal. In the former, Chancellor *Kent* says: " The law indeed has not declared of what precise material the wax shall consist, and whether it shall be a wafer, or any other paste, or matter sufficiently tenacious to adhere and receive an impression, is perhaps not material." Most seals have, in this State, not been affixed to wax, or wafer, or to any adhesive substance, but they have been impressed upon paper attached by a wafer or paste, by the effect of which the paper was rendered susceptible of receiving and retaining the impression of the seal. When, then, presses have been contrived of such power as to make an equally distinct and permanent impression directly upon the paper alone, it does not seem consistent to hold that the wafer or paste, whose chief use was to facilitate the making of the impression upon the paper under which it was put, is still requisite, when it has ceased to be either necessary or useful for that purpose.

Heretofore, and now, the impression of the seal has been made upon the paper, which seems, therefore, at this day precisely that tenacious substance which is capable of receiving the impression required for a seal.

The court are therefore of opinion that, within the principle of the decision in *Carter* v. *Burley*, an impression of the seal of a railroad corporation, impressed upon the paper of instruments issued by them as bonds, and purporting to be under seal, is a sufficient seal to make the instruments specialties, on which debt may be maintained. *Beardsley* v. *Knight*, 4 Vt. 479 ; *Bank* v. *Slason*, 13 Vt. 334.

*Judgment for the plaintiff.*

